## CRIMINAL COMPLAINT AFFIDAVIT FOR ERIK MALDONADO-HERNANDEZ

I, Blake Leathers, being duly sworn, do hereby depose and state:

## INTRODUCTION AND AGENT BACKGROUND

1.    I am an investigative or law enforcement officer of the United States (U.S.) within the meaning of Section 2510(7) of Title 18, United States Code, and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 of the United States Code (U.S.C.) and more particularly 21 U.S.C. § 841(a)(1).

2.    I am a Special Agent (SA) with the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been employed in this capacity since May of 2023 and I am presently assigned to the Resident Agent (RA) office in Lexington, Kentucky.  My duties include the investigation of various violations of federal criminal laws delineated under Titles 8, 18, 19, and 21 of the United States Code. I graduated from the Criminal Investigator Training Program (CITP) and HSI Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, where training was conducted pertaining to these types of investigations.

3.    Prior to federal employment with HSI, I was employed by the Lexington Police Department (LPD), in Lexington, Kentucky, from 2013 through 2023.  During my timeframe with LPD I was a detective within the Narcotics Enforcement Unit (NEU), from 2016 until my employment with HSI in 2023.

4.    I have extensive experience conducting narcotics investigations at the domestic and international levels.  My background includes investigating large-scale drug trafficking and smuggling operations, complex money laundering schemes, and trafficking organizations operating across borders. I have routinely utilized cooperating individuals and confidential

informants, as well as witnesses, to develop actionable intelligence and build prosecutable cases. My investigative experience encompasses undercover operations, surveillance, controlled deliveries, and coordination with federal, state, and international law enforcement partners to dismantle drug trafficking networks and disrupt illicit financial flows.

5.      This affidavit is based upon my personal knowledge and upon information reported to me by federal, state, and local law enforcement officers. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

6.      I have not included each and every fact that has been revealed through the course of this investigation.  This affidavit sets forth only the facts that are believed to be necessary to establish probable cause for the issuance of an arrest warrant.

## PROBABLE CAUSE

7.      On July 1, 2026, at approximately 1:00 p.m., LPD narcotics detectives and marked patrol officers executed a state search warrant at 115 W. Loudon Avenue, Apartment K88, Lexington, Kentucky, the known residence of Erik MALDONADO-Hernandez (DOB: 11/8/1987).

8.      Prior to the search, LPD Detective Johnson and Detective Hazlewood were conducting surveillance in the area. Detective Johnson observed MALDONADO exit the residence and enter a red Toyota Highlander, bearing Texas registration XWF9845. Detective Johnson followed the vehicle, which was subsequently stopped by patrol officers in front of 251 W. Loudon Avenue. The driver was identified as Edgar Salinas, and MALDONADO was the passenger.

9.      MALDONADO was detained at the scene. Upon arrival, Detective Evans identified himself and read MALDONADO his Miranda rights. Detective Evans informed MALDONADO that he had a search warrant for his person and his residence. When asked if there were any people, drugs, or guns inside his residence, MALDONADO stated there were not. He indicated that the

key to the residence was on his keyring in the vehicle, but that the door was unlocked. He identified the correct key for entry.

10.     Officers proceeded to 115 W. Loudon Avenue, Apartment K88, announced their presence and the search warrant, and entered the residence using the key. The residence was cleared and found to be unoccupied.

11.     During the search, the following items were located and seized:

      a.  Approximately 1.4 grams of cocaine in a safe in the master bedroom closet.
      b.  A digital scale with white powder residue in a Corn Pops cereal box on top of the refrigerator.
      c.  Space Center Storage card with the address 755 Newtown Pike, Unit N57, and the code *3041997# were located inside the digital scale.
      d.  Another digital scale with white powder residue in a kitchen drawer.
      e.  Two passports and a visa/border crossing card for MALDONADO in the master bedroom closet safe.
      f.  Mail addressed to MALDONADO at 115 W. Loudon Avenue, K88.
      g.  Multiple rounds of 7.62 ammunition in the hallway bathroom drawer.
      h.  One .380 and one 9mm round in a living room drawer.

12.     MALDONADO was transported to the residence and Detective Evans advised MALDONADO that cocaine had been found in his bedroom and that digital scales were found in the cereal box. MALDONADO initially denied knowledge of the cocaine and scales, stating he used the scale to weigh gold and that he found it in the street. He later admitted to using cocaine after being shown the evidence but denied selling or distributing it. He was uncooperative during the investigation and ultimately transported to the Fayette County Detention Center (FCDC).

13.     While the residence was being searched, Detective Clements and K9 Officer Coleman responded to Space Center Storage, 755 Newtown Pike, Unit 57, Lexington, Kentucky, based on the storage card found in the residence. Officer Coleman's drug detection canine, "Jax," was presented to multiple units and alerted to the presence of narcotics at the door to Unit 57, but no other units.

14.     A search warrant was then obtained for 755 Newtown Pike, Unit 57, Lexington, Kentucky. Upon execution, officers located:

    a. Approximately 1,268 grams of cocaine concealed in a shipping box inside a Lego box.
    b. The shipping label on the box indicated it was shipped from Alberto Torrez, 4543 Desperado Cir Dr, Penitas, TX 78576, to "Erik Maldonado Hernandez" at 115 W. Loudon Ave., K88, Lexington, KY.
    c. A Glock 9mm handgun (Model 19X, serial number BVAX552) with two magazines, and a Savage .17 caliber rifle (Model 93R17, serial number 0245710).
    d. Six 9mm rounds in the magazine with the Glock handgun.
    e. Multiple rounds of 7.62, .40 caliber, 9mm, and a 12-gauge shotgun shell in a plastic bag with the Glock.
    f. A food saver vacuum sealer.

15.     On July 7, 2026, Detective Evans obtained a search warrant for surveillance video from Space Center Storage, located at 755 Newtown Pike, Lexington, Kentucky. Upon review, Detective Evans observed MALDONADO entering a code to access the facility and accessing what is believed to be Unit 57 on multiple occasions, including four days prior to the search. An employee with Space Center Storage advised that each unit is given a unique code to open the front gate to access the units. The code to enter the gate was only given to access Unit 57.

**CONCLUSION**

16.     Based on the large quantity of cocaine, the presence of packaging materials, digital scales, firearms, and ammunition, as well as MALDONADO's repeated access to the storage unit and the shipping label addressed to him, there is probable cause to believe that MALDONADO knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

*/s/ Blake Leathers*
Blake Leathers, Special Agent
Homeland Security Investigations
Lexington, Kentucky


Affiant attested by reliable electronic means (telephone) per FRCrP 4.1 on this 22nd day of July, 2026.


UNITED STATES MAGISTRATE JUDGE